Filed 11/6/23  P. v. Parker CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY PARKER,<br><br>     Defendant and Appellant. | B326776<br><br>(Los Angeles County<br>Super. Ct. No. BA329920) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review this appeal of an order denying a petition for resentencing brought under Penal Code section 1172.6. We affirm.

## BACKGROUND

On April 25, 2012, the People charged Anthony Parker by second amended information with the first degree murder of Thomas Rankins in violation of Penal Code section 187, subdivision (a).[1] The facts are brief for purposes of the resentencing petition and we set them out for context only. On August 27, 2007, Parker and co-defendant Kurt August drove into a neighborhood in Los Angeles. August was driving. Parker got out of the car and approached a group of people standing on the street. He pulled a gun from his waistband and began shooting. Thomas Rankins died of gunshot wounds to the head and back. No one else, including witness Kia Nichols, was injured. (*People v. Anthony Parker* (July 2, 2015, B251525) [nonpub. opn.].)

On May 7, 2012, a jury found Parker guilty of first degree murder. It also found true allegations that Parker acted to benefit his gang, personally used and discharged a handgun, and personally discharged a handgun inflicting great bodily injury and death to Thomas Rankins within the meaning of sections 186.22, subdivision (b)(1)(C), 12022.53, subdivisions (d) and (e)(1). The trial court sentenced Parker to consecutive terms of 25 years to life on the murder conviction and the gun

---

[1] Undesignated statutory references are to the Penal Code. We note the charging document and verdict form name the victim as Thomas Rankins. Our prior opinion names the victim as Thomas Rankin.

enhancement. This court affirmed the judgment of conviction. (*People v. Anthony Parker, supra*, B251525.)

On July 14, 2022, Parker filed a petition for resentencing under section 1172.6. The trial court appointed counsel, ordered and considered briefing, and held a hearing to determine if Parker had established a prima facie case of eligibility for resentencing. On August 26, 2022, the court found Parker ineligible for resentencing as a matter of law. The court reviewed the jury instructions of Parker's trial and found the jury had not been instructed on the natural and probable consequences doctrine or the felony murder rule. It also noted the jury found Parker guilty of first degree murder and found true that Parker had personally and intentionally discharged a handgun causing great bodily injury and death to the victim. The trial court denied the petition without issuing an order to show cause or proceeding to an evidentiary hearing. Parker filed a notice of appeal.

We appointed counsel to represent Parker on appeal. On July 26, 2023, counsel filed a no-issue brief pursuant to *People v. Delgadillo*. Counsel advised us she had told appellant he may file his own supplemental brief within 30 days. Counsel sent appellant transcripts of the record on appeal as well as a copy of the brief.

On July 27, 2023, this court sent Parker a notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any ground for appeal he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On August 25, 2023, Parker filed a supplemental brief challenging witness Kia Nichols's identification of him as the shooter. He argued that Nichols's identification of him was unduly suggestive based on the position of his photograph in the six-pack Nichols reviewed and a detective's comments to Nichols as she reviewed the six-pack.

This contention is not properly raised in an appeal from the denial of a section 1172.6 petition for resentencing. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947 [the mere filing of a setion1172.6 petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings]; *People v. Allison* (2020) 55 Cal.App.5th 449, 461 [a petition for resentencing does not provide a do-over on factual disputes that have already been resolved], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718, fn. 3.)

We are not otherwise required to conduct an independent review of the record in an appeal from an order denying a petition for resentencing filed pursuant to section 1172.6 and we decline to do so. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 226.)

4

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.